**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| Synergy Drone LLC, | |
| Plaintiff, | Civil Action No. 1:17-cv-00243-LY |
| v. | The Honorable Judge Lee Yeakel |
| Parrot S.A., Parrot Drones S.A.S., and Parrot, Inc., | |
| Defendants. | |

**DEFENDANTS PARROT S.A.'S AND PARROT DRONES S.A.S'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
PURSUANT TO FED. R. CIV. P. 12(b)(2)**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

LEGAL STANDARD.....................................................................................................................3

ARGUMENT..................................................................................................................................5

I. PARROT, S.A. AND PARROT DRONES ARE NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION.............................................................................................5

    A. Neither Parrot, S.A. Nor Parrot Drones Is Subject To Personal Jurisdiction Based on the Operation of a Website Lacking Distinct Connections to This Forum. ...................................................................................................................6

    B. An Alter-Ego or Agency Theory of Personal Jurisdiction is Not Pled and is Not Viable. .....................................................................................................10

II. PARROT, S.A. AND PARROT DRONES ARE NOT SUBJECT TO GENERAL PERSONAL JURISDICTION...........................................................................................11

CONCLUSION.............................................................................................................................12

i

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*3D Sys. Inc. v. Aarotech Labs. Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998) .................................................................................... 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 3, 9

*Calder v. Jones*,
    465 U.S. 783 (1984) ............................................................................................. 4, 5, 9

*Campbell Pet Co. v. Miale*,
    542 F.3d 879 (Fed. Cir. 2008) ...................................................................................... 10

*Celgard, LLC v. SK Innovation Co., Ltd.*,
    792 F.3d 1373 (Fed. Cir. 2015) .................................................................................... 10

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) ..................................................................................... 1, 2, 5, 11

*Gant v. United States*,
    417 F.3d 1328 (Fed. Cir. 2005) ...................................................................................... 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011) .................................................................................................... 2

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ........................................................................................................ 4

*Johnston v. Multidata Sys. Int'l Corp.*,
    523 F.3d 602 (5th Cir. 2008) .......................................................................................... 4

*McDonough v. Fallon Mcelligott, Inc.*,
    No. Civ. 95-4037, 1996 WL 753991 (S.D. Cal. Aug. 5, 1996) ...................................... 9

*Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*,
    757 F.2d 1256 (Fed. Cir. 1985) .................................................................................... 10

*NexLearn, LLC v. Allen Interactions, Inc.*,
    859 F.3d 1371 (Fed. Cir. 2017) ......................................................................... 6, 7, 8, 10

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010) ...................................................................................... 7

*Papasan v. Allain*,
    478 U.S. 265 (1986) ........................................................................................................ 3

*Sys. Inc. v. Aarotech Labs. Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998) ................................................................................. 10, 11

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
    395 F.3d 1275 (Fed. Cir. 2005) ................................................................................. 6, 7, 8

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
    848 F.3d 1346 (Fed. Cir. 2017) ................................................................................. 3, 4, 5

**<u>Rules and Regulations</u>**

Fed. R. Civ. P. 11 ................................................................................................................ 11

Fed. R. Civ. P. 12(b)(2) ......................................................................................................... 1

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Parrot, S.A. and Parrot Drones S.A.S. ("Parrot Drones") respectfully move this Court to dismiss Plaintiff Synergy Drone LLC's ("Synergy Drone") Complaint for lack of personal jurisdiction.

## INTRODUCTION

In determining the reach of the Due Process Clause of the Fourteenth Amendment over foreign corporations haled into United States courts, the Supreme Court has emphasized that "risks to international comity" and "[c]onsiderations of international rapport" warrant caution when attempting to establish personal jurisdiction over corporations that reside on foreign soil. *Daimler AG v. Bauman*, 134 S.Ct. 746, 763 (2014). By filing suit against Parrot, S.A. and Parrot Drones, two French corporations that have no connection with this forum, Synergy Drone has run afoul of both this instruction as well as the Due Process Clause.

The Complaint lacks any plausible basis to satisfy the legal requirements for establishing personal jurisdiction over either French entity. Synergy Drone's Complaint alleges that personal jurisdiction is proper based on the alleged operation of a website that sells drones and drone-related products. This allegation is insufficient under binding Federal Circuit precedent holding that general websites accessible *anywhere* that lack a *specific* connection to a particular state cannot give rise to specific personal jurisdiction. Not to mention, Synergy Drone does not specify which of the distinct Parrot entities named as defendants operate the website, further undermining the sparse personal jurisdiction allegations in the Complaint. Nor does the Complaint contain any allegations that could give rise to an alter ego or agency relationship to support personal jurisdiction over either Parrot, S.A. or Parrot Drones. Finally, in light of the emphatic reaffirmation by the Supreme Court that general personal jurisdiction over a foreign corporation is only proper if the foreign corporation is "essentially at home in the forum state," general personal jurisdiction is clearly absent with respect to both Parrot, S.A. and Parrot Drones.

1

*Daimler*, 134 S.Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).  Accordingly, both Parrot, S.A. and Parrot Drones should be dismissed from this case.

## STATEMENT OF FACTS

Synergy Drone is a Texas corporation with its principal place of business in Austin, Texas.  Complaint, ¶ 1.  It filed the present lawsuit asserting infringement of five patents: United States Patent Nos. 8,200,375 ("the '375 patent"), 8,380,368 ("the '368 patent"), 8,649,918 ("the '918 patent"), 9,079,116 ("the '116 patent"), and 9,568,913 ("the '913 patent").  *Id.*, ¶¶ 10-15.  All five patents relate to "methods, systems, and devices for controlling radio-controlled vehicles, including helicopters and other aircraft 'RC vehicles.'"  *Id.*, ¶ 17.  The Complaint alleges that Defendants "have incorporated innovative features of the Synergy Drone patents" into Defendants' "drone and drone-related products."  *Id.*, ¶ 21.

Defendants Parrot, S.A. and Parrot Drones are French corporations that both have their principal places of business in Paris, France.  Complaint, ¶¶ 2-3.  Neither Parrot, S.A. nor Parrot Drones has designated an agent for service of process in the state of Texas.  *See id.*, ¶¶ 2-3.  The third named Defendant is Parrot, Inc., which is a New York corporation with its principal place of business in San Francisco, California.  *Id.*, ¶ 4.

In asserting that this Court has personal jurisdiction over all three Parrot entities, the Complaint makes only one specific allegation that "on information and belief, Defendants have operated the Internet website, https://www.parrot.com/us/#drones, which is available to and accessed by users, customers, and potential customers of the Defendants within this judicial district . . . ."  Complaint, ¶ 8.  Apart from this averment, the personal jurisdiction allegations in the Complaint are largely generalized legal conclusions such as:  "Personal jurisdiction generally exists over Defendants because Defendants have minimum contacts with this forum as a result of

business regularly conducted within the State of Texas." *Id.* The Complaint does not specify how Defendants transact business in the state of Texas.

Synergy Drone initiated this lawsuit on March 17, 2017, *see* Dkt.1, and issued summonses for Parrot S.A., Parrot Drones, and Parrot, Inc. on April 28. *See* Dkt. 21. Thereafter, the parties agreed that Defendants would have until August 28 to respond to the Complaint; in exchange, Defendants agreed to waive service of process. *See* Dkt. 23. Accordingly, this motion is timely and ripe for disposition.

## LEGAL STANDARD

When assessing whether the exercise of personal jurisdiction over corporate defendants in patent infringement suits is proper, Federal Circuit law applies because "the jurisdictional issue is intimately involved with the substance of the patent laws." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (internal quotation marks and citations omitted). On a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that Defendants are subject to personal jurisdiction based on "affidavits and other written materials." *Id.* (internal quotation marks and citations omitted). The "uncontroverted allegations" in the Complaint must be accepted as true, and any "factual conflicts in the affidavits" must be resolved in favor of Synergy Drone. *Id.* (internal quotation marks and citations omitted). Importantly, however, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Gant v. United States*, 417 F.3d 1328, 1331 (Fed. Cir. 2005) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Xilinx*, 848 F.3d at 1352 (internal

3

quotation marks and citations omitted).  The "Texas long-arm statute extends to the limits of federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). It follows that "the two inquires collapse into a single inquiry: whether jurisdiction comports with due process." *Xilinx*, 848 F.3d at 1353 (internal quotation marks and citations omitted).

The Federal Circuit has articulated a three-factor test to ascertain whether the exercise of specific personal jurisdiction is consistent with due process:  "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Xilinx*, 848 F.3d at 1353 (internal quotation marks and citations omitted).  The first two factors "correspond with the 'minimum contacts' prong" of *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), while the third factor tracks the requirement that the exercise of personal jurisdiction must harmonize with notions of "fair play and substantial justice." *Xilinx*, 848 F.3d at 1353 (internal quotation marks and citations omitted).  In other words, in order to demonstrate that the exercise of personal jurisdiction over Parrot, S.A. and Parrot Drones is proper, Synergy Drone must satisfy all three specific jurisdiction preconditions to ensure that the two cornerstones of specific personal jurisdiction are satisfied:  (1) that the defendant has the requisite minimum contacts with the forum; and (2) that exercising personal jurisdiction does not offend notions of fair play and substantial justice. *See International Shoe*, 326 U.S. at 316.  And it is well-settled that the requirements for showing personal jurisdiction must be independently met for Parrot, S.A. and Parrot Drones, respectively, as "[e]ach [D]efendant's contacts with the forum state must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

The more exacting standard of general jurisdiction, meanwhile, demands that a corporation be "essentially at home in the forum state" such that the "corporation's affiliations with the State in which suit is brought are so constant and pervasive" in order to justify the assertion of jurisdiction over a foreign corporation "to hear any and all claims against [it]." *Daimler*, 134 S.Ct. at 751 (alteration in original) (internal quotation marks and citations omitted). Accordingly, the contacts of the corporation with the forum state must be so "continuous and systematic" such that "any and all claims" against the corporation can be heard in the forum at issue, even if the claims are unrelated to the contacts with the forum. *Id.* at 754. As the Supreme Court has increasingly focused on the "relationship among the defendant, the forum, and the litigation, *i.e.* specific jurisdiction, general jurisdiction has come to occupy a less dominant place in the contemporary scheme." *Id.* at 758 (internal quotation marks and citations omitted).

## ARGUMENT

### I. PARROT, S.A. AND PARROT DRONES ARE NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION.

The Complaint is devoid of a plausible basis to exercise either specific or general jurisdiction over Parrot, S.A. or Parrot Drones. The attempts to establish specific jurisdiction over both Parrot, S.A. and Parrot Drones are facially deficient, as Synergy Drone has utterly failed to allege that either Parrot, S.A. or Parrot Drones have purposefully directed their activities at residents in the state of Texas. *See Xilinx*, 848 F.3d at 1353. Moreover, it is fundamentally unfair and antithetical to notions of fair play and substantial justice to force two French corporations that have no distinct ties to the state of Texas to defend themselves against a lawsuit filed in that forum. *See id.*

5

### A. Neither Parrot, S.A. Nor Parrot Drones Is Subject To Personal Jurisdiction Based on the Operation of a Website Lacking Distinct Connections to This Forum.

As noted above, the sole basis pled in the Complaint for establishing personal jurisdiction over Parrot S.A. and Parrot Drones is their purported operation of a website selling drones and drone-related products. Whether a website suffices to confer personal jurisdiction is evaluated like "any other contact under a specific jurisdiction theory; for there to be minimum contacts, there must be evidence that [Defendants] purposefully availed [themselves] of [the forum state] . . . ." *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017). As a general matter, however, the Federal Circuit has clearly and unambiguously held that the "existence of [a] website, without more, is insufficient to show . . . minimum contacts." *Id.* It follows that Synergy Drone's assertion that personal jurisdiction over Parrot, S.A. and Parrot Drones is proper because of the operation of the website https://www.parrot.com/us/#drones, *see* Complaint, ¶ 8, cannot be reconciled with binding Federal Circuit precedent.

The starting point for this conclusion is *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275 (Fed. Cir. 2005). In that case, the Federal Circuit found that the use of an "interactive website to advertise . . . products" did not establish personal jurisdiction: "The difficulty is that [the] website is not directed at customers in the District of Columbia, but instead is available to all customers throughout the country who have access to the Internet." *Id.* at 1281. By extension, the operation of the website did not "by itself show any persistent course of conduct by the defendants in the District." *Id.* (internal quotation marks and citations omitted). Critically, the Federal Circuit arrived at this conclusion even though the website had "interactive features aimed at transacting business" because it was "unclear how frequently these features are utilized or, indeed, whether any District residents have ever actually used [the] website to

6

transact business." *Id.* In sum, "something additional beyond a website is required to establish personal jurisdiction." *Id.*

Recent Federal Circuit decisions have buttressed this conclusion, repeatedly rebuffing efforts to haul defendants into a forum based upon the operation of a website equally accessible to residents anywhere in the United States. In *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010), the Federal Circuit concluded that it could not "determine that Abbyy Software purposefully availed itself of the privilege of conducting activities in California by some affirmative act or conduct" even though Abbyy Software maintained a website that "promot[ed] the sale of . . . products in California." Most recently, just over two months ago, the Federal Circuit issued *NexLearn*, powerfully repudiating yet another attempt to rely on a website to circumvent the minimum contacts test: "We agree with the district court that Allen's ZebraZapps website alone does not render it subject to specific jurisdiction in Kansas." *NexLearn*, 859 F.3d at 1378. Although the website at issue included "Kansas in its dropdown of all states on its website" this was "not enough to subject Allen to jurisdiction in Kansas. Allen's address selector may indicate its amenability to selling ZebraZapps to Kansas residents, but it does not establish minimum contacts arising out of or related to the infringement claim." The hypothetical ability of Kansas residents to purchase products from the website did nothing to alter this conclusion:

> While a Kansas resident *could* purchase ZebraZapps from Allen's website, what is missing is any evidence that such a sale has taken place . . . . NexLearn does not even allege that any Kansas resident has accessed Allen's ZebraZapps website. There is no evidence that Allen's website facilitated the making, using, offering, or selling of ZebraZapps in Kansas in order to connect Allen's website with NexLearn's patent infringement claim. In this respect, Allen's website is conceptually no different than operating an out-of-state store. That a store would accept payment from a hypothetical out-of-state resident and ship its product there does

7

>not create a substantial connection for an infringement claim between the store and the hypothetical resident's forum State. The store's willingness to enter future transactions with out-of-state residents does not, without more, show purposeful availment of each State in which it would, but has not yet, provided or even offered a sale. Something more is needed—whether it be actual sales, targeted advertising, or contractual relationships—to connect the defendant's infringing acts of making, using, offering, or selling its product with the forum State.

*Id.* at 1378-79. Ultimately, the Federal Circuit concluded that the website in *NexLearn* established only an "attenuated affiliation" with the state of Kansas, insufficient to support the exercise of specific jurisdiction. *Id.* at 1381.

Likewise, the website https://www.parrot.com/us/#drones ("Website") lacks a specific and tangible connection to the state of Texas, dooming any attempt by Synergy Drone to support a claim of specific jurisdiction over either Parrot, S.A. or Parrot Drones. As in *Trintec* and *NexLearn*, the Website can be accessed anywhere in the United States, and the drones and drone-related products can be bought by anyone anywhere in the United States. In addition, internet-based drones sales in the U.S. are made by Parrot, Inc., not Parrot S.A. or Parrot Drones. *See* Floret Decl. ¶ 8; *id.*, Ex. A at 1. Thus, any contention that personal jurisdiction is proper based on the Website is even weaker than the arguments rejected by the Federal Circuit in *NexLearn*; there, some connection to the forum state was apparent on the face of the website at issue. *See NexLearn*, 859 F.3d at 1378. By contrast, the state of Texas is nowhere to be found on the Website; indeed, the Website simply indiscriminately offers drones and drone-related products for sale from Parrot, Inc., not Parrot S.A. or Parrot Drones. As in *NexLearn*, Synergy Drone has not "even allege[d] that any [Texas] resident has accessed [the] [W]ebsite," which confirms that the Website has no greater nexus with the state of Texas than any other state. *NexLearn*, 859 F.3d at 1378. If this Court were to accept the premise that the Website sufficed to force Parrot, S.A. and Parrot Drones to litigate here, then the boundaries of specific jurisdiction would be

"eviscerate[d]," as under that reasoning, both Parrot, S.A. and Parrot Drones would be subject to suit in any forum where the Website was accessible—virtually everywhere in the world. *McDonough v. Fallon Mcelligott, Inc.*, No. Civ. 95-4037, 1996 WL 753991, at *3 (S.D. Cal. Aug. 5, 1996). Such a result is fundamentally unfair and irreconcilable with due process.

Moreover, by generically alleging that "Defendants" operate the website, Complaint ¶ 8, Synergy Drone has failed to distinguish between Parrot, S.A., Parrot Drones, and the third named defendant, Parrot Inc.—three distinct entities—and has impermissibly lumped the three together, attempting to escape its burden of demonstrating the adequacy of "each [D]efendant's contacts." *Calder*, 465 U.S. at 789. Thus, even if the Website could support the exercise of personal jurisdiction in the Western District of Texas – which it cannot – Synergy Drone has failed to specify which Defendant operates and maintains the Website. Nor does this Court need to credit allegations that "Defendants have minimum contacts with this forum as a result of business largely conducted within the State of Texas and within this district," that Defendants "transacted business within the State of Texas" and that "this Court's jurisdiction over the Defendants comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendants' purposeful minimum contact with the State of Texas." Complaint, ¶ 8. Such "legal conclusion[s] couched as . . . factual allegation[s]" should be given no weight. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). It follows that because Synergy Drone has failed to allege "[s]omething more" alongside the operation of the Website, specific personal jurisdiction cannot be established over either Parrot, S.A. or Parrot Drones, as neither Parrot, S.A. or Parrot Drones purposefully directed activities towards residents of this forum and forcing

Parrot, S.A. and Parrot Drones to litigate in this forum would impose precisely the type of unreasonable burden that is proscribed by the Due Process Clause. *NexLearn*, 859 F.3d at 1379.[1]

### B.     An Alter-Ego or Agency Theory of Personal Jurisdiction is Not Pled and is Not Viable.

"For purposes of specific personal jurisdiction, the contacts of a third-party may be imputed to the defendant under either an agency or alter ego theory." *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015). "In order to establish jurisdiction under the agency theory, the plaintiff must show that the defendant exercises control over the activities of the third party." *Id.* "Alternatively, a plaintiff may establish personal jurisdiction under an alter ego theory." *Id.* Indicia of an alter-ego relationship include a failure to adhere to "corporate formalities," operation of a subsidiary "without the oversight of a formal board of directors," and the purposeful manipulation of the corporation form to thwart "recovery of [a] judgment." *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985). However, the "corporate form is not be lightly cast aside" and the general rule is that the corporate form "should be recognized and upheld, unless specific, unusual circumstances call for an exception." *3D Sys. Inc. v. Aarotech Labs. Inc.*, 160 F.3d 1373, 1380-81 (Fed. Cir. 1998) (internal quotation marks and citations omitted).

The Complaint fails to even plead any facts that could plausibly give rise to an agency or alter ego relationship between Parrot, Inc. and either Parrot, S.A. or Parrot Drones; indeed, neither theory is mentioned as a basis for personal jurisdiction. *See* Complaint, ¶ 8. To the

---

[1] Unsurprisingly, because the mere operation of a website is insufficient to establish specific jurisdiction, for largely the same reasons, the "maintenance of a website is also insufficient to give rise to general jurisdiction," namely "the website is not directed at customers in [the forum state] and does not appear to have generated any sales in [the forum state]." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008).

contrary, the record evidence proffered by Defendants shows that Parrot, S.A., Parrot Drones, and Parrot, Inc. are all independent and distinct corporate entities. All three corporations have separate Boards of Directors, and Parrot, Inc. has Directors that have no role at either Parrot, S.A. or Parrot Drones. *See* Floret Decl. ¶ 12. In addition, all three corporations observe corporate formalities, such as holding shareholder meetings and having separate books and records. *See id.* ¶¶ 10-11. Finally, the wrongdoing or manipulation that usually accompanies an alter ego finding is missing; there is no evidence that either Parrot, S.A. or Parrot Drones has taken any actions to shield themselves from recovery behind Parrot, Inc.

Because the requisite degree of control necessary to allege an agency or alter ego theory of personal jurisdiction is missing from the Complaint and cannot be alleged consistent with Rule 11 of the Federal Rules of Civil Procedure, Synergy Drone cannot rely on either theory to establish personal jurisdiction over Parrot, S.A. or Parrot Drones.

## II.  PARROT, S.A. AND PARROT DRONES ARE NOT SUBJECT TO GENERAL PERSONAL JURISDICTION.

Little ink needs to be spilled on whether Parrot, S.A. or Parrot Drones is subject to general personal jurisdiction in this forum in light of the Supreme Court's reaffirmation of the stringent standard applicable to finding that general jurisdiction over foreign corporations is proper—namely that the corporations' "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler*, 134 S.Ct. at 754 (internal quotation marks and citations omitted). Synergy Drone has not come close to meeting this standard for any of the Defendants, and has pled no facts from which this Court could plausibly conclude that any of the Defendants[2] are "essentially at home" in Texas. *Id.* It follows

---

[2] Notably, the Supreme Court cautioned that it "has not yet addressed whether a foreign corporation may be subject to a court's general jurisdiction based on the contacts of its in-state

11

that Synergy Drone cannot establish general personal jurisdiction over either Parrot, S.A. or Parrot Drones.

## **CONCLUSION**

Because this Court lacks personal jurisdiction over Parrot, S.A. and Parrot Drones, both Defendants must be dismissed from this case.


Dated:  August 28, 2017                                                Respectfully Submitted,

/s/ B. Russell Horton
B. Russell Horton
(rhorton@gbkh.com)
GEORGE BROTHERS KINCAID &
  HORTON, LLP
114 W. 7th Street, Ste. 1100
Austin, Texas 78701
Tel.: (512) 495-1400
Fax: (512) 499-0094

Matthew Traupman (*pro hac vice*)
(matthewtraupman@quinnemanuel.com)
James M. Glass (*pro hac vice*)
(jimglass@quinnemanuel.com)
Gregory C. Wyckoff (*pro hac vice*)
(gregorywyckoff@quinnemanuel.com)
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY, 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100
*Attorneys for Defendants Parrot S.A. and Parrot Drones S.A.S.*

---

subsidiary." *Daimler*, 134 S.Ct. at 759.  Yet, it is unnecessary for this Court to reach or decide this issue because the Complaint lacks any mention of an *in-state* subsidiary subject to general jurisdiction in Texas; in addition, Synergy Drone has not made an adequate showing of an alter ego relationship.  *See* Section I.B, *supra*; *see also Daimler*, 134 S.Ct. at 759 ("[S]everal courts of appeals have held[] that a subsidiary's jurisdictional contacts can be imputed to its parent only when the former is so dominated by the latter as to be its alter ego.").

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ B. Russell Horton
B. Russell Horton
